## NEWGOLD v. WELLER BOTTLING WORKS.

(Supreme Court, Appellate Division, First Department.    March 24, 1911.)

VENUE (§ 52*)—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

An action for the conversion of goods committed in the county of Saratoga, which involves only the question whether the goods appropriated by defendant were included in a chattel mortgage executed in the county of New York under which plaintiff claims, will be transferred from the county of New York to the county of Saratoga for trial for the convenience of witnesses, as against the objection that all the witnesses to the execution of the mortgage reside in the county of New York.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Gabriel A. Newgold against the Weller Bottling Works. From an order denying a motion by defendant to change the place of trial from the county of New York to the county of Saratoga for the convenience of witnesses and to promote the ends of justice, it appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James A. Leary, for appellant.
John Bogart, for respondent.

LAUGHLIN, J.   The plaintiff, a resident of the county of New York, brings this action on an alleged cause of action in favor of one Hattie Bogart, which has been assigned to him, for the conversion of certain furniture and household goods by the defendant.   It is alleged that plaintiff's assignor was entitled to the possession, and was in possession, of the property by virtue of a chattel mortgage given by one Frank Eberhard, which was duly recorded in the office of the clerk of Saratoga county, and was from time to time duly renewed; that the mortgagor had defaulted in the payment of moneys to secure the payment of which the mortgage was given; that the conversion took place at the Victoria Hotel, in the county of Saratoga, at various times between the 1st day of August and the 1st day of November, 1908; that the property so converted was of the value of $750; and that its return has been duly demanded and refused.   The answer puts in issue the material allegations of the complaint.

The chattel mortgage was given in the county of New York, and plaintiff contends that it will be necessary for him to call three witnesses who reside in the county of New York to prove its execution. It does not appear whether or not the chattel mortgage was acknowledged; but according to the allegations of the complaint it was recorded, and it is apparent that the execution of the mortgage will not be an issue, for the affidavits show that defendant was aware of the existence of it, and contends that no property covered by the mortgage was removed from the hotel or appropriated by it, and therefore the litigated issues will concern the identity of the property removed, and whether or not it was converted or appropriated by the defendant, and its value.   Since the property was in the county of Saratoga, and the conversion is alleged to have taken place there, it would seem that the issues should be tried in that county, and it appears that the convenience of the greater number of material witnesses will be best subserved thereby.   The alleged boast of one of the attorneys for the defendant, in substance to the effect that the defendant would have some advantage in a trial of the issues in the county of Saratoga, which is not formally denied, but is claimed to be a "colored" version of the interview, is no answer to the application; for it must be presumed that plaintiff will have the benefit of a fair and impartial trial.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.   All concur.